UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT N. JOHNSON,

        Plaintiff,

   v.                                   NO. CIV. S-06-02889 WBS KJM

PIPER CREEK, LLC; and
DOES 1 through 10,
inclusive,

        Defendants.

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

        After reviewing the plaintiff's Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for February 12, 2007, and makes the following findings and orders without needing to consult with the parties any further.

        I.   SERVICE OF PROCESS

        Plaintiff shall effect service upon the unserved defendant within thirty days of the file-stamped date of this order.  The failure to do so may result in the dismissal of the action as against the then-unserved defendants.

1  Except as so provided, no further service is permitted
2 without leave of court, good cause having been shown under Fed.
3 R. Civ. P. 16(b).
4  II.  JOINDER OF PARTIES/AMENDMENTS
5  No further joinder of parties or amendments to
6 pleadings is permitted except with leave of court, good cause
7 having been shown under Fed. R. Civ. P. 16(b).  See <u>Johnson v.</u>
8 <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).
9  III.  JURISDICTION/VENUE
10  Jurisdiction is predicated upon 28 U.S.C. § 1331
11 (federal question),  28 U.S.C. § 1367 (supplemental
12 jurisdiction), and  42 U.S.C. § 12101, <u>et</u> <u>seq.</u> (The Americans
13 with Disabilities Act). Venue is undisputed and is hereby found
14 to be proper.
15  IV.  DISCOVERY
16  Initial disclosures required by Fed. R. Civ. P. 26
17 (a)(1) shall be served no later than March 15, 2007.
18  The parties shall disclose experts and produce reports
19 in accordance with Fed. R. Civ. P. 26(a)(2) by no later than June
20 1, 2007.
21  With regard to expert testimony intended solely for
22 rebuttal, those experts shall be disclosed and reports produced
23 in accordance with Fed. R. Civ. P. 26(a)(2) on or before June 22,
24 2007.
25  All discovery, including depositions for preservation
26 of testimony, is left open, save and except that it shall be so
27 conducted as to be <u>completed</u> by September 7, 2007.  The word
28 "completed" means that all discovery shall have been conducted so

2

1  that all depositions have been taken and any disputes relevant to
2  discovery shall have been resolved by appropriate order if
3  necessary and, where discovery has been ordered, the order has
4  been obeyed.  All motions to compel discovery must be noticed on
5  the magistrate judge's calendar in accordance with the local
6  rules of this court and so that such motions may be heard (and
7  any resulting orders obeyed) not later than September 7, 2007.
8              V.   MOTION HEARING SCHEDULE
9              All motions, except motions for continuances,
10 temporary restraining orders or other emergency applications,
11 shall be filed on or before November 2, 2007.  All motions shall
12 be noticed for the next available hearing date.  Counsel are
13 cautioned to refer to the local rules regarding the requirements
14 for noticing and opposing such motions on the court's regularly
15 scheduled law and motion calendar.
16             VI.  FINAL PRETRIAL CONFERENCE
17             The Final Pretrial Conference is set for February 11,
18 2008 at 1:30 p.m. in Courtroom No. 5.  The conference shall be
19 attended by at least one of the attorneys who will conduct the
20 trial for each of the parties and by any unrepresented parties.
21             Counsel for all parties are to be fully prepared for
22 trial at the time of the Pretrial Conference, with no matters
23 remaining to be accomplished except production of witnesses for
24 oral testimony.  Counsel shall file separate pretrial statements,
25 and are referred to Local Rules 16-281 and 16-282 relating to the
26 contents of and time for filing those statements.  In addition to
27 those subjects listed in Local Rule 16-281(b), the parties are to
28 provide the court with: (1) a plain, concise statement which

1 identifies every non-discovery motion which has been made to the
2 court, and its resolution; (2) a list of the remaining claims as
3 against each defendant; and (3) the estimated number of trial
4 days.
5     In providing the plain, concise statements of
6 undisputed facts and disputed factual issues contemplated by
7 Local Rule 16-281(b)(3)-(4), the parties shall emphasize the
8 claims that remain at issue, and any remaining affirmatively pled
9 defenses thereto.  If the case is to be tried to a jury, the
10 parties shall also prepare a succinct statement of the case,
11 which is appropriate for the court to read to the jury.
12     VII.  TRIAL SETTING
13     The trial is set for April 15, 2008 at 9:00 a.m. in
14 Courtroom No. 5.
15     VIII.  SETTLEMENT CONFERENCE
16     A Settlement Conference will be set at the time of the
17 Pretrial Conference.
18     All parties should be prepared to advise the court
19 whether they will stipulate to the trial judge acting as
20 settlement judge and waive disqualification by virtue thereof.
21     Counsel are instructed to have a principal with full
22 settlement authority present at the Settlement Conference or to
23 be fully authorized to settle the matter on any terms.  At least
24 seven calendar days before the Settlement Conference counsel for
25 each party shall submit a confidential Settlement Conference
26 Statement for review by the settlement judge.  The Settlement
27 Conference Statements shall not be filed and will not otherwise
28 be disclosed to the trial judge.

4

1        IX.   MODIFICATIONS TO SCHEDULING ORDER

2             Any requests to modify the dates or terms of this
3 Scheduling Order, except requests to change the dates of the
4 final Pretrial Conference or trial, may be heard and decided by
5 the assigned Magistrate Judge.  All requests to change the dates
6 of the Pretrial Conference and/or trial shall be heard and
7 decided only by the undersigned judge.
8 DATED:   February 6, 2007

           _____
           WILLIAM B. SHUBB
           UNITED STATES DISTRICT JUDGE